STATE, JOSIAH CLARK, PROSECUTOR, v. MAYOR, &c., OF NEW BRUNSWICK.

1. The power given to the common council in the charter of New Brunswick to license and regulate hawkers, peddlers and others, is a police power for the purpose of regulation only, and cannot be used for the purpose of raising revenue.
2. If the ordinances passed in pursuance of this authority are in effect revenue measures, they are illegal.
3. Proceedings for the recovery of penalties for violating city ordinances cannot be commenced by summary arrest without process, but must be conducted in the same manner prescribed in the Small Cause act.

On *certiorari* to review conviction for violation of an ordinance of the city of New Brunswick.

Argued at November Term, 1880, before Justices VAN SYCKEL and MAGIE.

For the plaintiff, *George Berdine.*

For the defendant, *Howard MacSherry.*

The opinion of the court was delivered by

VAN SYCKEL, J.    This *certiorari* is prosecuted to review the proceedings by which the plaintiff was convicted of violating the city ordinance of New Brunswick which forbids peddling without a license, under the penalty of $10 for each offence.

· The city charter (*Pamph. L.* 1863, *p.* 359, *subd.* 24,) empowers the common council to pass ordinances to license and regulate cartmen, hawkers, peddlers, auctioneers, pawnbrokers, junk-shop-keepers and others.

Under such grant of power it has been repeatedly held in this state, the right of taxation for revenue purposes is not conferred.

It is purely a police power, and must be exercised for the purpose of regulation. The city may be incidentally benefited by the imposition of fines and penalties, but they must be reasonable and appropriate to the regulation of the various pursuits enumerated.

Any attempt to establish a fiscal scheme under the grant is without authority of law. *Kip* v. *Paterson*, 2 *Dutcher* 298; *State* v. *Hoboken*, 4 *Vroom* 280; *North Hudson Railway* v. *Hoboken*, 12 *Vroom* 71; *State* v. *Long Branch Com'rs*, 13 *Vroom* 364.

In exercising their power under this charter, the common council passed the following ordinance :

" There shall be charged to each person licensed as aforesaid, and paid to the city-clerk, for the use of the city, on issuing the license mentioned in this ordinance, the following sums, together with the clerk's fee of fifty cents, for making out such license :

" For each cart, wagon, truck or dray, $2.

" For each hawker or peddler, with the privilege of using one peddler's wagon or cart, $5.

" For each auctioneer, if the person to whom the license is granted is an actual resident of the city of New Brunswick, $10 ; if a non-resident, $25.

" For each pawnbroker, $30.

" For each junk-shop keeper with the privilege of using one junk wagon or cart, $10.

" For each additional junk wagon or cart, $5."

What license fee may be exacted under this police power was considered in the cases above cited.

In the case in 12 *Vroom*, the views of Chief Justice Cooley and Judge Dillon were cited with approbation. They agree in placing it " within the limit of the necessary or probable expense of issuing the license and of inspecting and regulating the business the license covers."

In State *v.* Long Branch Com'rs, Justice Knapp says :

" When authority is given to require the possession of a license, as a condition for selling, a reasonable fee, to cover

probable expenses, can be demanded. But the exaction of sums in excess of such expenses, and graduated by the amount of business done, can be nothing else than a tax upon such business."

This limitation upon the exercise of police power is fully established by the adjudications in this state.

Testing the ordinance in question by this rule, its validity cannot be maintained, if it be made to appear that it was adopted as a revenue measure.

Whether the circumstances incident to the inspection and regulation of these occupations can justify the imposition of the prescribed rates for a legitimate purpose, is the proper subject of testimony where the validity of ordinances is to be reviewed.

In the absence of this alleged defect, the conviction in this case cannot be sustained.

The arrest was made by a constable without process, and the conviction was summary, without any complaint in writing.

The charter provides that proceedings for the recovery of penalties for the violation of city ordinances shall be conducted in the same manner prescribed in the act entitled "An act constituting courts for the trial of small causes," and that in such actions the first process may be by warrant or summons, and that it shall be lawful to declare generally in debt. *Pamph. L.* 1863, *p.* 362, §§ 33, 49, 51, 52.

The conviction is illegal and should be set aside, with costs.